```
UNITED STATES BANKRUPTCY COURT        Hearing Date:   1-19-22
SOUTHERN DISTRICT OF NEW YORK                         2 PM
-------------------------------------------------------------X
IN RE:                                  Chapter 13

        JAIME NEIL HUSNEY              Case No. 17-23907-shl
                    Debtor

-------------------------------------------------------------X
```

## AMENDED APPLICATION FOR ATTORNEY'S FEES AND DISBURSEMENTS

NATHAN HOROWITZ, ESQ., as and for his Application for compensation for legal services, and for reimbursement of expenses, respectfully represents:

1.  Your Applicant is the attorney for the above named Debtor. The Chapter 13 herein was filed on December 17, 2017. Krista M. Preuss is the Trustee. This Amended Application is to correct clerical errors in the original, particularly with respect to the Exhibit sequence and omission of one Exhibit from the original service and filing. There are no substantive changes.

2.  The Court has jurisdiction over this matter pursuant to 11 U.S.C. 328, Bankruptcy Rule 2016, and Rule 45 of the Local Rules of the Southern District of New York.

3.  All services been rendered by Nathan Horowitz. The time was billed at $400.00 per hour for the entire period covered herein. The amounts sought herein are:

    Professional legal services:   $ 13,274
    Expenses:                      $ 70.00 (Court Solutions, if required)

Time Period covered by Application: April 15, 2021 through the date of this Application.
.
The total time covered by this application is 6.85 hours. Applicant was licensed to practice law on January 10, 1980

4.  This application is expected to be a final application expected to be made in this case. Additional time may be spent with respect to the Debtor's Plan. My fees for the usual and customary services in a Chapter 13 were provided on a fixed fee basis, as disclosed on the filed Rule 2016 Statement, filed with the original Petition. Copies of the Statement, and my retainer agreement, are attached hereto as **Exhibit A.** As part of our retainer agreement, as reflected in the retainer and the Rule 2016 Statement, it was agreed that my services for any proceedings on Motions to Dismiss the case or modifying confirmed Plans would incur additional fees, over the retainer, at the agreed upon hourly rate. The retainer reflects my usual hourly rate of $400.00 per hour for all services, except for actual hearings, which would be billed at $450.00 per hour.

5. This Application is focused on two (2) motions by the Trustee to modify the Plan or dismiss the case. The legal fees for the proceedings to modify the Plan are covered in the separate Application to approve the Modified Plan.

There were two motions made.

DISMISS MOTION #1: This motion, dated April 26, 2021 (Doc 21 ) with Hearing scheduled for June 2, 2021. The motion was very cryptic, not explaining the basis of the monetary default, as the amount reported in the motion as paid matched the Plan payments. My review of the file led me to believe the amount in default reported by the motion seemed to be based on the 2018 tax return and reported refund. The Debtor had emailed the Trustee directly, in November 2019 enclosing the 2018 tax return and explaining the tax refund. I discussed with the Debtor and immediately, on April 27, 2021 prepared and emailed a letter to the Trustee to clarify if my research was correct. My letter is attached as **Exhibit B.**

6. After an exchange of emails with Trustee's counsel, in mid May I received an ECF, on May 21, 2021, notice that the motion had been withdrawn. No explanation was given.

My time on this motion is detailed on the time records, between April 26, 2021 and May 21, 2021, attached hereto as **Exhibit C.**

**Time: 3.71** hours

7. Dismissal Motion 2: This motion was much more complex. The motion, dated May , 2021 had an original hearing date of July 7, 2021. The hearing was held November 3 2021. Although the Debtor and counsel were disappointed at the result, the time spent was absolutely necessary, to represent the Debtor and his circumstances, and at the same time trying to discuss with the Trustee the motion and a resolution. This Debtor had particular facts and circumstances, and resulting legal issues, very different than the typical Chapter 13 Debtor. These included being estranged from his wife, and, although sharing the marital residence when the case was filed, having to move with his employer to Nashville, Tennessee, causing additional expenses, both in moving and in living expenses in Nashville, and assisting with maintenance expenses for the New York house. Further, the Debtor suffered natural disasters in both New York and Tennessee. Although the Debtor does earn a very high income, the above circumstances caused unusual expenses. Because the Debtor and his spouse were estranged, and then in two different States, their finances were completely separate and with disparate incomes and tax withholdings, their tax returns also needed to be specially addressed and

researched to see how tax refunds should be handled.     Due to the difficulty of the motion, requiring legal research and responding to discovery requests from the Trustee, I believe that the review of my time is best broken down into the following sub-categories:

A.   Review of the Motion

B.   Legal Research

C.   Correspondence

D.   Preparation of Responding papers

E.  "Discovery", that is, providing Trustee with documents and information

The above initials are reflected on the timesheets.    Time irrelevant to these motions are crossed out and not included in the total hours.

**A.  Review of the Motion:** This time was my initial review of the motion and of the Reply Affirmation filed by Dennis Jose, Esq.     **Dates:   5-25-21 and 10-15-21**

**Time:  1.1 hours**

**B.  Legal Research:** The basis of the motion, in part, related to tax refunds reflected on joint tax returns, where only 1 spouse filed; and where the spouses lived separate and apart.   The research was necessary to address this issue.  **Dates:  5-31, 6-10 and 6-24**

**Time:  6 hours**

**C. Correspondence:**   This includes correspondence with Debtor to gather necessary information and correspondence with the Trustee's office.

**Dates: 5-25; 6-7, 6-15, 7-2, 7-5, 7-6, 7-23, 8-24, 10-20, 10-21, 10-22, 10-27 and 11-1**

**Time:  4.71 hours**

**D.  Discovery:**    This category was certainly necessary for the Trustee.  The time includes Trustee's requests for information, either by email or as contained in the Reply Affirmation; and time taken to obtain and provide the documentation and information.

**Dates:  8-4, 8-9, 8-31, 9-1, 9-23, 9-24**

**Time:  3.44 hours**

**E.  Preparation:** This includes the time to prepare, serve and file Debtor's opposition and sur-reply papers; preparing for the hearing.

**Dates:  6-7, 6-8, 6-9, 6-15, 6-21, 6-23,  6-25, 6-29, 8-9, 10-18, 10-25, 10-27, 10-27, 10-28, 11-2**

**Time:  13.1 hours**

The total time provided above is **28.35** hours

In addition, the Court time for the hearing, for one hour, was charged at $450.00

8. The work done and time expended on the second dismissal motion are described in the timesheets annexed hereto as **Exhibit D**. The timesheets clearly identify the project or issue for the particular entry. The services rendered were all necessary in representing the Debtor in the matters described. All hours were billed at $400 per hour, except one (1) hour for the Court hearing has been billed at $450.

9. Based upon all of the above, the total time devoted to this matter was 33.06 hours. The legal fees earned for the time period covered by this application is $13,274.00. The only disbursement sought is for Court Solutions, at $70.00. If this hearing is held on Zoom, there will be no disbursements.

10. Applicant has practiced in Bankruptcy law since being admitted to practice in 1980. Initially, Applicant worked for a small law firm - Pinks & Feldman, Esqs., of Melville, New York - whose practice was approximately 60% in bankruptcy and insolvency law. Since 1982, Applicant has had his own practice in White Plains, New York. A substantial part of the practice has always been in bankruptcy. During all of this time, I have represented Debtors in petitions filed under Chapters 7, 11 and 13 of the Bankruptcy Code. Over 80% percent of the law practice is devoted to bankruptcy representation.

11. It is requested that the Court approve payment of all of the fees through the Chapter 13 Plan.

12. No previous application for the relief herein requested has been made.

WHEREFORE, your Affiant respectfully requests that this Application be approved, approving legal fees in the sum of $13,274.00, plus reimbursement for costs of $70.00,and for such other and further relief as to this Court is just and proper.

Dated: Mt. Kisco, N. Y.
November 18, 2021
/s/ Nathan Horowitz
NATHAN HOROWITZ, ESQ.

CERTIFICATION OF COMPLIANCE WITH GUIDELINES

       NATHAN HOROWITZ, ESQ., the Applicant herein for compensation for legal services rendered, and for disbursements, pursuant to guidelines issued by the Southern District, dated June 20, 1991, hereby certifies as follows:

1.      a. I have read the Application being submitted simultaneously herewith;
       b. To the best of my knowledge the Application complies with mandatory guidelines, except as specifically noted herein;
       c. To the best of my knowledge, information and belief formed after reasonably inquiry, the fees and disbursements sought fall within these guidelines; and
       d. The fees and disbursements are billed at rates and in accordance with practice customarily employed by the applicant and are generally accepted by applicant's clients.

2.      I further certify that the Debtor has reviewed the Application and has approved it.

3.      I hereby certify that the Debtor has been provided with a regular status of services rendered in this case. The practice of this office has always been to advise clients as to necessary work to be done, and to execute such work upon approval of the client, and, upon the making of an Application for fees, to review such Application and fees with client.

4. This Application has been provided to the Debtor and the Office of the U.S. Trustee at lease ten (10) days prior to the date set for hearing.

Dated:   Mt. Kisco, N. Y.
        November 18, 2021                           /s/ Nathan Horowitz
                                                            NATHAN HOROWITZ, ESQ.