# Nathan Horowitz, ESQ.
Attorney at Law

OFFICES IN WHITE PLAINS, MT. KISCO AND CARMEL
**MAILING ADDRESS**
118 N. BEDFORD ROAD, SUITE 100
MOUNT KISCO, NEW YORK 10549
914-684-055**1**; After 5PM 914-684-055**2**
nathan@nathanhorowitzlaw.com

April 27, 2021, BY EMAIL

Krista M. Preuss, Trustee
399 Knollwood Road
White Plains, New York 10603

RE: Jamie Husney   Chapter 13 17-23907
     Motion Date:  6-2 -2021, 2 PM

Dear Ms. Preuss:

In connection with the above referenced, I was surprised to see this motion.   The motion states you have received $3,000, which is the full amount due, based strictly on the Plan monthly payments.   The motion does not explain the basis of the claimed deficiency, but my review shows it is apparently is based on 2018 tax returns, sent to you directly by the Debtor in November 2019 (they were filed on extension).

The Debtor, independent of counsel, sent you the attached explanation of the tax refunds, including his accountant's calculation (also enclosed) as to what he and his spouse were entitled to, based on their respective incomes and the amounts of tax they had each, independently, paid.   With the passage of time, the Debtor and I presumed you had accepted his explanation of unanticipated but necessary expenses.

Further, your numbers are based on a 50-50 split of the tax refunds for this 2018 tax year. We would like to resolve the motion.  Per my retainer agreement, my time on a dismissal motion incurs additional fees and we do not want to take money away from the unsecured creditors.   The Debtor sent you his accountant's analysis of the 2018 income and tax consequences for the Debtor and the spouse, who were, and are, separated.  Also enclosed herewith.

Under the case law, there is a split of opinion as to how to allocate tax refunds between a Debtor and non-filing spouse.    I believe the EDNY cases of In Re Spina, 416 BR 92, 2009 Bankr Lexis 3048; and In Re Duarte, 492 BY 100 are very well reasoned cases. Chief Judge Morris has an opinion, in In re Marciano, 372 B.R. 211, in which she decided on a rebuttable presumption of 50-50.   I submit the fact that the couple were separated, and each entitled to what their refund would have been had they filed

separately, rebuts the presumption.   The parties were clearly separating their lives and finances.

Based on the above and the accountant's analysis, the Debtor's portion of the refunds totaled $3,514.   After the allowance of $1,500, the Debtor is prepared to send to you the sum of $2,014.

Please let me know if we can resolve the motion on this basis.   Opposing the motion and Court appearance, will easily incur legal fees well in excess of the balance, which would be payable under the Plan.

Very truly yours,
/s/ Nathan Horowitz

Nathan Horowitz